FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALAN J. GOULET

          Plaintiff,

     v.

CENTRAL FLORIDA PLASTIC
SURGERY, P.A., and FERNANDO G.
SERRA

          Defendants.

CASE NO. 5:14-CV-624-Oc-30PRL

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, Alan J. Goulet ("Goulet"), by and through its undersigned attorneys, states its claims against Defendants Central Florida Plastic Surgery, P.A. ("CFPS"), and Dr. Fernando G. Serra ("Serra") (collectively, the "Defendants"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Goulet is a professional photographer who resides in DeBary, Florida. As part of his profession, Goulet takes photographs of the area around Orlando which, for a fee, he then licenses reproduction, display, and distribution rights.

2.    Defendant CFPS is a for-profit professional association organized and existing under the laws of the State of Florida, with its principal place of business at 910 Old Camp Road, Suite 142, The Villages, Florida, 32162. CFPS may be served through its registered agent, Dr. Fernando G. Serra, at 910 Old Camp Road, Suite 142, The Villages, Florida, 32162.

1

3.      Defendant Serra is an individual who, upon information and belief, is the President of Defendant CFPS.  Serra may be served at his place of business at CFPS at 910 Old Camp Road, Suite 142, The Villages, Florida, 32162.

4.      This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5.      This Court has personal jurisdiction over Defendants by virtue of their presence in this District and their transacting, doing, and soliciting business in this District.

6.      Venue is proper under 28 U.S.C. §§ 1391 (b)(1), (c), and (d) and 1400(a).

## FACTUAL BACKGROUND

7.      In November 2008, Goulet created, was the author of, and at all times owned the copyrights to the photograph shown below, entitled "RJ Gators":



8.      In January 2009, Goulet created, was the author of, and at all times owned

the copyrights to the photograph shown below, entitled "Lake Sumter Landing":



9.      Beginning on June 10, 2011, Goulet displayed the photographs identified

in Paragraphs 7 and 8 (collectively the "Photographs") on www.panaramio.com

("Panaramio") at http://www.panoramio.com/photo/54001509 and

http://www.panoramio.com/photo/54001564, respectively.

10.     Goulet registered the Photographs with the U.S. Copyright Office, which

issued Certificate of Registration number VA 1-678-925 with an effective date of July 21,

2009.

11.     Goulet has complied in all respects with the Copyright Act of 1976, 17

U.S.C. § 101 *et seq..*, as amended, and all other laws and regulations governing the

copyrights to the Photographs.

3

12.     Goulet posted his name and copyright notices as a watermark on each of the Photographs on Panaramio, reading "Copyright © Alan J. Goulet."

13.     Goulet posted his name and copyright notices adjacent to each of the Photographs on Panaramio, reading "© All Rights Reserved by Alan Goulet."

14.     Goulet has never authorized Panaramio viewers to edit, download, reproduce, display or distribute his Photographs elsewhere without a specific license that must be obtained directly from Goulet outside of Panaramio.

15.     In June 2013, Goulet discovered that Defendants had reproduced and displayed both the Photographs as of June 18, 2013, on their website at http://thevillagesplasticsurgery.com (the "Website") as shown in part below:



And one of the Photographs on another page of the Website at

http://thevillagesplasticsurgery.com/contact, as shown in part below:



16.     The Photographs were, and continue at the time of the filing of this

Complaint hosted at:

- http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site
  /contact/florida_6.jpg; and

- http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site
  /contact/florida_3.jpg,

respectively.

17.     Goulet did not license or otherwise authorize Defendants to edit, reproduce, display, or distribute his Photographs on Defendants' Website.

18.     Defendants cropped both of the Photographs so as to remove Goulet's watermark "Copyright © Alan J. Goulet" before reproducing and displaying them on the Website.

19.     Defendants also removed Goulet's name and copyright notices that appeared adjacent to the Photographs before reproducing and displaying the Photographs on the Website.

20.     On August 1, 2013, Goulet, through his attorney, sent a letter to the Defendants giving notice that the reproduction, display, and distribution of the Photographs on the Website was unauthorized and asking Defendants to cease any use of the Photographs.

21.     As of the date of the filing of this lawsuit, the Defendants continue to reproduce, display, and distribute the cropped Photographs at:

- http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site/contact/florida_6.jpg; and

- http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site/contact/florida_3.jpg.

22.     Defendant Serra knew of CFPS's possession of specific infringing material but failed to purge such material, therefore contributing to direct infringement by CFPS, making him contributorily liable for the infringements.

6

23.     As President of CFPS, Serra had both the legal right and the ability to stop CFPS's direct infringement of the Photographs.

24.     As President of CFPS, Serra gained a direct financial benefit from CFPS's direct infringement of the Photographs, making him vicariously liable for the infringements.

25.     The Photographs in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique.  As such, the Photographs are subject matter protectable under the Copyright Act.

26.     On information and belief, the Defendants had access to the Photographs through Goulet's display of the Photographs on Panaramio.

## FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

27.     Goulet re-alleges and incorporates by reference paragraphs 1 through 26 above.

28.     The Defendants violated Goulet's exclusive rights granted in 17 U.S.C. § 106, specifically his exclusive rights to: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

29.     As the Defendants began to reproduce, display, and distribute the Photographs on June 18, 2013, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

30.     As a direct and proximate result of their wrongful conduct, the Defendants have realized and continue to realize profits and other benefits rightfully belonging to Goulet for the Photographs.  Accordingly, Goulet is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

31.     In the alternative, Goulet is entitled to and seeks statutory damages for the Defendants' infringement of the Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

32.     The infringements by the Defendants were willful and performed with knowledge that the reproduction, display, and distribution of the Photographs was unauthorized; Goulet is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

## SECOND CAUSE OF ACTION

### Digital Millennium Copyright Act Violations – 17 U.S.C. §§ 1201 *et seq.*

33.     Goulet re-alleges and incorporates by reference paragraphs 1 through 26 above.

34.     The watermarked copyright notice on each of the Photographs constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(1),(2), (3), (6), and (7).

35.     Upon information and belief, the Defendants, without the authority of the Goulet or the law, intentionally removed the copyright notices and distributed the Photographs, knowing that the copyright notices had been removed or altered, knowing or having reasonable grounds to know that such removal or alteration would induce,

enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

36.     As a direct and proximate result of the Defendants' wrongful conduct, Goulet has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

37.     Specifically, Goulet is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

38.     In the alternative, Goulet is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

## PRAYER FOR RELIEF

WHEREFORE Goulet prays that this Honorable Court:

1.     Order that the Defendants' unauthorized conduct violates Goulet's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2.     Order the Defendants to account and pay to Goulet all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the Defendants' infringement of the Photographs; alternatively, maximum statutory damages in the amount of $30,000 for each infringement of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

3.     Award Goulet maximum statutory damages in the amount of $150,000 for each of the Defendants' infringements of Goulet's copyrights in the Photographs pursuant

to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4.  Award Goulet actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

5.  Award Goulet maximum statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202 (a) and (b) pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

6.  Order the Defendants to pay Goulet its costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

7.  Order the Defendants to deliver to Goulet all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody or control;

8.  Order the Defendants, their agents, and servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Goulet in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

9.  Order such other and further relief as this Honorable Court deems just and equitable.

**Plaintiff Goulet demands a jury trial on all of the foregoing counts.**

This 25 day of November, 2014.

Respectfully submitted,

**ALLEN, DYER, DOPPELT,**
**MILBRATH & GILCHRIST, P.A.**

s/

STEPHEN D. MILBRATH
FLORIDA BAR NO. 239194
smilbrath@addmg.com
255 South Orange Avenue
Suite 1401
Orlando, FL 32801
tel-(407)-841-2330
fax-(407)-841-2343

*Counsel for Plaintiff Goulet*

11