UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NUMBER: 5:14-cv-00624-JSM-PRL

ALAN J. GOULET,

    Plaintiff,

v.

CENTRAL FLORIDA PLASTIC
SURGERY, P.A., and FERNANDO G.
SERRA,

    Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND THIRD PARTY COMPLAINT

COMES NOW, Central Florida Plastic Surgery, P.A. and Fernando G. Serra, hereinafter referred to as Defendants, by and through the undersigned counsel, and for their Answer to the Plaintiff's Complaint would state in support thereof the following;

1. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph one of the Plaintiff's Complaint.

2. The Defendants admit each and every allegation contained in paragraph two of the Plaintiff's Complaint.

3. The Defendants admit each and every allegation contained in paragraph three of the Plaintiff's Complaint.

4. The Defendants admit each and every allegation contained in paragraph four of the Plaintiff's Complaint.

5. The Defendants admit each and every allegation contained in paragraph five of the Plaintiff's Complaint.

6. The Defendants admit each and every allegation contained in paragraph six of the Plaintiff's Complaint.

7. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph seven of the Plaintiff's Complaint.

8. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph eight of the Plaintiff's Complaint.

9. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph nine of the Plaintiff's Complaint.

10. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph ten of the Plaintiff's Complaint.

11. The Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph eleven of the Plaintiff's Complaint.

12. The Defendants deny each and every allegation contained in paragraph twelve of the Plaintiff's Complaint.

13. The Defendants deny each and every allegation contained in paragraph thirteen of the Plaintiff's Complaint.

14. The Defendants deny each and every allegation contained in paragraph fourteen of the Plaintiff's Complaint.

15. The Defendants deny each and every allegation contained in paragraph fifteen of the Plaintiff's Complaint.

16. The Defendants deny each and every allegation contained in paragraph sixteen of the Plaintiff's Complaint.

17. The Defendants deny each and every allegation contained in paragraph seventeen of the

Plaintiff's Complaint.

18. The Defendants deny each and every allegation contained in paragraph eighteen of the Plaintiff's Complaint.

19. The Defendants deny each and every allegation contained in paragraph nineteen of the Plaintiff's Complaint.

20. The Defendants admit each and every allegation contained in paragraph twenty of the Plaintiff's Complaint.

21. The Defendants deny each and every allegation contained in paragraph twenty-one of the Plaintiff's Complaint.

22. The Defendants deny each and every allegation contained in paragraph twenty-two of the Plaintiff's Complaint.

23. The Defendants deny each and every allegation contained in paragraph twenty-three of the Plaintiff's Complaint.

24. The Defendants deny each and every allegation contained in paragraph twenty-four of the Plaintiff's Complaint.

25. The Defendants deny each and every allegation contained in paragraph twenty-five of the Plaintiff's Complaint.

26. The Defendants deny each and every allegation contained in paragraph twenty-six of the Plaintiff's Complaint.

### FIRST CAUSE OF ACTION

27. The Defendants re-allege and incorporate herein, as though fully rewritten, each and every allegation contained in paragraphs 1-26, as stated above.

28. The Defendants deny each and every allegation contained in paragraph twenty-eight of

the Plaintiff's Complaint.

29. The Defendants deny each and every allegation contained in paragraph twenty-nine of the Plaintiff's Complaint.

30. The Defendants deny each and every allegation contained in paragraph thirty of the Plaintiff's Complaint.

31. The Defendants deny each and every allegation contained in paragraph thirty-one of the Plaintiff's Complaint.

32. The Defendants deny each and every allegation contained in paragraph thirty-two of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

33. The Defendants re-allege and incorporate herein, as though fully rewritten, each and every allegation contained in paragraphs 1-26, as stated above.

34. The Defendants deny each and every allegation contained in paragraph thirty-four of the Plaintiff's Complaint.

35. The Defendants deny each and every allegation contained in paragraph thirty-five of the Plaintiff's Complaint.

36. The Defendants deny each and every allegation contained in paragraph thirty-six of the Plaintiff's Complaint.

37. The Defendants deny each and every allegation contained in paragraph thirty-seven of the Plaintiff's Complaint.

38. The Defendants deny each and every allegation contained in paragraph thirty-eight of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. The Defendants re-alleges and incorporates herein, as though fully rewritten, each and every allegation contained in paragraphs 1 through 38, as stated above.

40. The third party Defendant, Bluetone Media, Inc., is subject to service of process.

41. Joinder of the third party Defendant, Bluetone Media, Inc., will not deprive this Court of subject matter jurisdiction.

42. Without the third party Defendant, Bluetone Media, Inc., the Court cannot justly accord complete relief amount existing parties.

43. The subject matter of the claim filed against the Defendants, Fernando G. Serra and Central Florida Plastic Surgery, Inc., was independently created by and displayed on the Defendants' Website by the third party Defendant, Bluetone Media, Inc.

44. As part of that creation and publication, the third party Defendant, Bluetone Media, Inc., intentionally concealed from the Defendants, Fernando G. Serra and Central Florida Plastic Surgery, Inc., the Copyright designations by cropping them out of the final website displays.

## SECOND AFFIRMATIVE DEFENSE

45. The Defendants re-alleges and incorporates herein, as though fully rewritten, each and every allegation contained in paragraphs 1 through 38, as stated above.

46. The Third Party Defendant, Bluetone Media, Inc., made a false statement concerning a material fact. The Third Party Defendant concealed that the photographs published as part of the website allegedly designed for Defendants, Fernando G. Serra and Central Florida Plastic Surgery, were not the property of the Third Party Defendant.

47. The Defendants, Fernando Serra and Central Florida Plastic Surgery, were never

informed these images were the property of Plaintiff. Third Party Defendant concealed Copyright information attached to these photographs by "cropping" away, to conceal this information from the Defendants, Fernando Serra and Central Florida Plastic Surgery.

48. The Third Party Defendant committed fraud to induce the Defendants, Fernando Serra and Central Florida Plastic Surgery, to purchase website advertising from the Third Party Defendant, Bluetone, knowing that the images were the copyrighted property of the Plaintiff.

49. The Defendants, Fernando Serra and Central Florida Plastic Surgery, relied on the false representations and concealed presentations and have been injured by this litigation and the costs associated with this litigation.

### THIRD AFFIRMATIVE DEFENSE

50. The Defendants re-alleges and incorporates herein, as though fully rewritten, each and every allegation contained in paragraphs 1 through 38, as stated above.

51. The Defendant, Central Florida Plastic Surgery, P.A., is a corporation organized under the laws of the State of Florida.

52. The Defendant, Central Florida Plastic Surgery, P.A., entered into a contract with Bluetone Media, Inc. to create a website to advertise and further the business of Central Florida Plastic Surgery, P.A.

53. The Defendant, Fernando G. Serra, is an employee of Central Florida Plastic Surgery, P.A.

54. The alleged acts which are the subject matter of this Complaint are those of the corporation and not the employee of that corporation.

WHEREFORE, the Defendants respectfully request that the Plaintiff's cause of action be

dismissed, for costs, attorney's fees and all other relief that the Court may deem to be fair equitable and just.

_____
DAVID W. NORRIS, ESQUIRE
Florida Bar No: 0011333
303 North Texas Avenue
Tavares, Florida 32778
Telephone: 352-343-0536
david@davidnorrislaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy has been furnished to Stephen D. Milbrath, Counsel for Plaintiff, 255 South Orange Avenue, Suite 1401, Orlando, FL 32801, via electronic delivery on this 9th day of February, 2015.

_____
DAVID W. NORRIS, ESQUIRE
Florida Bar No: 0011333
303 North Texas Avenue
Tavares, Florida 32778
Telephone: 352-343-0536
david@davidnorrislaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NUMBER: 5:14-cv-00624-JSM-PRL

CENTRAL FLORIDA PLASTIC SURGERY, P.A.,
and FERNANDO G. SERRA

    Plaintiff,

v.

BLUETONE MEDIA, INC.,

    Defendant.
_____/

## THIRD PARTY COMPLAINT

COMES NOW, Central Florida Plastic Surgery, P.A. ("CFPS"), and Fernando G. Serra ("Serra"), hereinafter referred to as "Third Party Plaintiffs" by and through their undersigned counsel states their claim against Third Party Defendant, Bluetone Media, Inc. ("Bluetone") as follows;

## PARTIES, JURISDICTION, AND VENUE

1. The Third Party Plaintiff, CFPS is a corporation established under the laws of the State of Florida. CFPS provides certain health care services throughout the area surrounding The Villages, for a fee.

2. The Third Party Plaintiff, Serra, is a plastic surgeon licensed under the laws of the State of Florida and is an employee of CFPS.

3. Third Party Plaintiff, CFPS is a for-profit professional association organized and existing under the laws of the State of Florida, with its principal place of business at 910 Old

Camp Road, Suite 142, The Villages, Florida 32162. CFPS may be served through its registered agent, Dr. Fernando G. Serra, at 910 Old Camp Road, Suite 142, The Villages, Florida 32162.

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5. This Court has personal jurisdiction over the Third Party Defendant by virtue of its presence in this District and its transacting, doing, and soliciting business in this District.

6. Venue is proper under 28 U.S.C. §§ 1391 (b)(2).

## FACTUAL BACKGROUND

7. In November 2008, and 2009, Goulet allegedly created, was the author of, and at all times owned the copyrights to the photograph shown below, entitled "RJ Gators" and "Lake Sumter Landing", respectively. The Third Party Plaintiff, CFPS, contracted with the Third Party Defendant in 2012 to construct a website to further its business interests.

8. Goulet allegedly registered the Photographs with the U.S. Copyright Office, which issued Certificate of Registration number VA 1-678-925 with an effective date of July 21, 2009. Goulet has allegedly complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.., as amended, and all other laws and regulations governing the copyrights to the Photographs.

9. Goulet posted his name and copyright notices as watermark on each of the Photographs on Panaramio, reading "Copyright @ Alan J. Goulet." Goulet posted his name and copyright notices adjacent to each of the Photographs on Panaramio, reading " © All Rights Reserved by Alan Goulet."

10. In June 2013, Goulet alleges to have discovered that the Third Party Defendant, Bluetone, had reproduced and displayed both the Photographs as of June 18, 2013, on the website at http://thevillagesplasticsurgery.com (the "Website"). This being the Website of Third Party Plaintiff, CFPS.

11. The Photographs were hosted at:

   - http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site/contact/florida_6.jpg; and

   - http://static6.bluetonemedia.com/images/CentralFloridaPlasticSurgery/site/contact/florida_3.jpg,

   respectively.

12. Goulet alleges that he did not license or otherwise authorize Defendants to edit, reproduce, display, or distribute his Photographs on Defendants' Website. The Third Party Plaintiffs state unequivocally that they did not authorize the Third Party Defendant to edit, reproduce, display or distribute Goulet's photographs on their behalf.

13. The Third Party Defendant cropped both of the Photographs so as to remove Goulet's watermark "Copyright © Alan J. Goulet" before reproducing and displaying them on the Website.

14. The Third Party Defendant also removed Goulet's name and copyright notices that appeared adjacent to the Photographs before reproducing and displaying the Photographs on the Website.

15. These actions took place and were concealed from the Third Party Plaintiffs.

16. The Third Party Defendant was notified by the Third Party Plaintiffs as soon as the Third Party Plaintiffs became aware of a potential copyright violation.

17. All delays in removing the specific infringing materials were the result of Third Party Defendant failing to follow the Third Party Plaintiffs' instructions to remove them.

18. Third Party Defendant, Bluetone, had both the legal right and the ability to stop the direct infringement of the Photographs.

19. The Photographs may be subject matter protectable under the Copyright Act.

## FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

20. CFPS and Serra re-allege and incorporate by reference paragraphs 1 through 19 above.

21. The Third Party Defendant violated Goulet's exclusive rights granted in 17 U.S.C. § 106, specifically his exclusive rights to: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

22. Third Party Defendant began to reproduce, display, and distribute the Photographs.

23. As a direct and proximate result of its wrongful conduct, the Third Party Defendant has realized profits and other benefits rightfully belonging to Goulet for the Photographs. Their actions have damaged the Third Party Plaintiff because Goulet may be entitled to an award under 17 U.S.C. § 504, against CFPS and Serra.

24. In the alternative, the Third Party Plaintiffs may be responsible for statutory damages for the Third Party Defendant's infringement of the Photographs, including attorney's fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505, as a result of the Third Party Defendant's actions.

25. The infringements by the Third Party Defendant were willful and performed with

knowledge that the reproduction, display, and distribution of the Photographs were unauthorized. The Third Party Plaintiffs were unaware of the actions of the Third Party Defendant and as a result may have exposed the Third Party Plaintiffs to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

## SECOND CAUSE OF ACTION

### Digital Millennium Copyright Act Violations – 17 U.S.C. §§ 1201 *et seq.*

26. The Third Party Plaintiffs re-alleges and incorporate by reference paragraphs 1 through 19 above.

27. The watermarked copyright notice on each of the Photographs constitutes copyright management information pursuant to 17 U.S.C. § 1201(c)(1), (2), (3), (6), and (7).

28. Upon information and belief, the Third Party Defendant, without the authority of Goulet, the Third Party Plaintiffs or the law, intentionally removed the copyright notices and distributed the Photographs, knowing that the copyright notices had been removed or altered, knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

29. As a direct and proximate result of the Third Party Defendant's wrongful conduct, the Third Party Plaintiffs have suffered damages and so are entitled to be held harmless for any remedies set forth under 17 U.S.C. § 1203.

30. Specifically, if Goulet is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) then the Third Party Defendant is responsible and should indemnify the Third Party Plaintiffs.

31. In the alternative, if Goulet is entitled to and seeks statutory damages pursuant to 17

U.S.C. § 1203(c)(3)(B), and costs of litigation and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4-5) then the Third Party Defendant is responsible and should indemnify the Third Party Plaintiffs.

### THIRD CAUSE OF ACTION

#### Fraud

32. CFPS and Serra re-allege and incorporate by reference paragraphs 1 through 19 above.

33. The Third Party Defendant, Bluetone contracted with the Third Party Plaintiff to develop a website to advertise the Third Party Plaintiffs' business.

34. The Third Party Defendant included in that website several photographic images and informed the Third Party Plaintiffs that they were their own work product.

35. The Third Party Defendant cropped out all trademark images in an effort to conceal the ownership of the images from the Third Party Plaintiffs.

36. The Third Party Defendant concealed the ownership of the photographic images so that the Third Party Plaintiffs would accept and purchase their website.

37. By relying on the fraudulent misrepresentations of the Third Party Defendant, the Third Party Plaintiffs have suffered the following injuries;

   a. A lawsuit has been filed against the Third Party Plaintiffs requesting substantial damages and costs;

   b. The Third Party Plaintiffs have been required to retain the services of attorney David W. Norris and to pay a reasonable fee for his services;

   c. The Third Party Plaintiffs have been required to change their website at their expense to prevent further harm to Plaintiff, Alan J. Goulet.

### PRAYER FOR RELIEF

WHEREFORE Third Party Plaintiffs prays that this Honorable Court:

1. Order that if the Third Party Defendant's unauthorized conduct violates Goulet's rights under the Federal Copyright Act at 17 U.S.C. § 101, et seq. and that all was done without the knowledge or consent of the Third Party Plaintiffs; that third party Defendant should be responsible for all damages to Goulet;

2. Order the Third Party Defendant to account and pay any damages which Goulet may be entitled including litigation costs, attorney's fees, damages, and statutory damages;

3. Award to the Third Party Plaintiffs its costs of litigation and reasonable attorney's fees;

4. Order such other and further relief as this Honorable Court deems to be fair, just and equitable.

**Third Party Plaintiff s, CFPS and Serra, demand a jury trial on all of the foregoing counts.**

Respectfully submitted this ___7TH___ day of February, 2015.

_____
DAVID W. NORRIS, ESQUIRE
Florida Bar No: 0011333
303 North Texas Avenue
Tavares, Florida 32778
Telephone: 352-343-0536
david@davidnorrislaw.com